UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN JEROME MASON,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 13-5626 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Nathan Jerome Mason ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the lay testimony of his sister, Natasha Mason, and his mother, Vicki Mack. (*See* Joint Stip. at 13-14.) The Court agrees with Plaintiff for the reasons discussed below.

    A.    <u>The ALJ Failed to Provide Germane Reasons for Rejecting the Lay Testimony of Ms. Mason and Ms. Mack</u>

"[L]ay testimony as to a claimant's symptoms or how an impairment affects [their] ability to work *is* competent evidence [] and therefore *cannot* be disregarded

without comment." *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). Appropriately, then, an ALJ may discount evidence provided by a lay witness only if he provides "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Further, the reasons "germane to each witness" must be specific. *Stout*, 454 F.3d at 1054.

Finally, "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* at 1056.

Here, the ALJ provided one reason for rejecting the Third Party Function Reports ("Reports") completed by Ms. Mason and Ms. Mack. (*See* Administrative Record ("AR") at 42.) The Court addresses, and rejects, it below.

The ALJ discredited Ms. Mason's and Ms. Mack's Reports because "[a]llegations of [Plaintiff's] extreme physical pain and mental limitations are inconsistent with the objective medical evidence." (*Id.*) But "under our law [] the ALJ [*cannot*] discredit [] lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (citing *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996) ("The rejection of the testimony of [the claimant's] family members because [the claimant's] medical records did not corroborate her fatigue and pain violates SSR 88–13, which directs the ALJ to *consider* the testimony of lay witnesses where the claimant's alleged symptoms are unsupported by her medical records.") (emphasis added); *see Chavez v. Comm'r of Social Sec.*, 2014 WL 897114, at *8 (E.D. Cal. Mar. 6, 2014) ("[W]here the plaintiff alleges impairments, such as chronic fatigue or pain (which by their very nature do not always produce clinical medical evidence) . . . the ALJ is required by the regulations and case law to consider lay witness evidence."). Accordingly, the ALJ

erred in rejecting the testimony of Ms. Mason and Ms. Mack.

Moreover, the ALJ's error is *not* harmless because Ms. Mason and Ms. Mack addressed limitations not considered by the ALJ. *See Molina v. Astrue*, 674 F.3d 1104, 1116 (9th Cir. 2012) ("ALJ may not disregard lay witness testimony about the claimant's limitations if the ALJ has not validly rejected those limitations . . .").

In particular, Ms. Mason noted that Plaintiff wets the bed at night and has trouble making it to the bathroom during the day. (AR at 157.) Ms. Mack, for her part, observed that Plaintiff frequently has an odor because he does not bathe unless reminded. (*Id.* at 181.) Because he loses focus while cooking, Plaintiff burns his food. (*Id.* at 182.) Similarly, Plaintiff loses money and forgets where he puts it. (*Id.* at 184.) Ms. Mack further explained that she manages all of Plaintiff's medical appointments because he can't handle written instructions or adjust to changes in his routine. (*Id.*) Even though Ms. Mack accompanies Plaintiff while shopping, it takes several hours because he can't make decisions. (*Id.* at 183.) Finally, Ms. Mack stated that occasionally, Plaintiff forgets who she is and lashes out at her. (*Id.*) Because a reasonable ALJ *could* conclude that such limitations preclude gainful employment, the error was not harmless. *See Stout*, 454 F.3d at 1054.

For the reasons stated above, the ALJ erred in rejecting Ms. Mason's and Ms. Mack's lay evidence. Accordingly, the Court finds that substantial evidence did not support the ALJ's decision. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

B.     Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination

can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, there are outstanding issues which must be resolved before a final determination can be made. On remand, the ALJ shall reconsider the Reports completed by Ms. Mason and Ms. Mack, and either credit them as true, or provide germane reasons for rejecting them.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[1]

Dated: March 18, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[1] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 3-5, 10-13, 18-21.)

4